IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> RODNEY LITI, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT <br><br><br><br><br><br><br><br> Case No. 2:07-CR-239 TS |

This matter is before the Court on Defendant's Motion seeking to amend the Amended Judgment entered in this case. Specifically, Defendant asks the Court to amend the judgment to sentence him to 12 months and one day, rather than the 12 months he was sentenced to, in order for him to receive good time credit. Because the Court is without authority to amend the Amended Judgment as requested, Defendant's Motion must be denied.

I. BACKGROUND

On August 17, 2010, Defendant was sentenced for a violation of his supervised release in this matter as well as a second case. Defendant was committed to the custody of the Bureau of

Prisons for 12 months. Defendant now asks that his sentenced be changed to 12 months and one day so that he may receive good time credit.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

None of these three avenues apply here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id.* at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2).

sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5] Further, none of the reasons set out in Rule 35(a) apply here. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[6] As Defendant seeks a substantive modification of his sentence, rather than to correct a clerical-type error, Rule 36 is inapplicable.

### III. CONCLUSION

Defendant has provided no basis that would allow the Court to amend the Judgment in this case as Defendant seeks. It is therefore

ORDERED that Defendant's Motion to Amend Judgment(Docket No. 86) is DENIED.

---

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[6] *Blackwell*, 81 F.3d at 948–49.

DATED December 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge